NO. 12-02-00009-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS FOR
§
 APPEAL FROM THE 


 

THE BEST INTEREST AND
§
 COUNTY COURT AT LAW



PROTECTION OF C.O.
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION (1)


 Appellant C.O. ("C.O.") appeals from a judgment ordering his commitment for extended in-patient mental health services. The trial court found that C.O. was mentally ill and that he met the
criteria in section 574.035 of the Texas Mental Health Code for court-ordered extended mental
health services. The trial court ordered C.O. committed to Rusk State Hospital for a period not to
exceed twelve months. Appellant raises eight issues on appeal, including the legal and factual
sufficiency of the evidence. Appellee did not file a brief. We reverse and render the trial court's
judgment and issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.1.


Sufficiency of the Evidence


 On December 17, 2001, a hearing was held on an application for court-ordered extended
mental-health services ("the application") filed by a social worker at Rusk State Hospital. The
application stated that C.O. was mentally ill and that he met the criteria in section 574.035 of the
Texas Mental Health Code for court-ordered extended mental health services. Tex. Health &
Safety Code Ann. § 574.035(a) (Vernon Supp. 2002). On December 21, 2001, the trial court
signed a judgment which included findings that C.O. was mentally ill and that "[C.O.] is likely to
cause serious harm to others." These two findings are sufficient to satisfy the criteria of section
574.035 for court-ordered extended inpatient mental health services. (2) Tex. Health & Safety Code
Ann. § 574.035(a)(1), (B) (Vernon Supp. 2002). In his sixth issue, C.O. contends that the evidence
is legally insufficient to support the trial court's judgment.

 On September 19, 2001, we issued an opinion in which we reversed a judgment entered on
April 24, 2001 that ordered temporary in-patient mental health services for C.O. In the Best Interest
and Protection of C.O., 65 S.W.3d 175 (Tex. App.--Tyler 2001, no pet.)("first opinion"). In that
opinion, we found the evidence was legally insufficient to satisfy the statutory standard for
commitment. Id. at 181-82. On April 25, 2002, we issued an unpublished opinion in which we
reversed a judgment entered on August 30, 2001 that ordered temporary in-patient mental health
services for C.O. based upon a second application and hearing. In the Best Interest and Protection
of C.O., No. 12-01-00254-CV (Tex. App.--Tyler April 25, 2002, no pet.) (not designated for
publication), 2002 WL 819143. We reversed that judgment because we concluded that the evidence
introduced at the second hearing was essentially the same evidence we reviewed and determined
legally insufficient in our first opinion.

 After reviewing the record before us, we note that Dr. David Self ("Dr. Self"), a psychiatrist
at Rusk State Hospital, testified that C.O. had written an unknown number of letters to various local
churches, but did not testify about the specific contents of any of the letters. He also read a response
to one of C.O.'s letters in which the writer stated that his church had received "long, rambling
letters" from C.O. in which C.O. claimed to be Jesus, "et cetera." The writer further stated that the
church wanted no more letters from C.O., but emphasized that C.O. said nothing "frightening" or
"scary" in the letters. Thus, we conclude that while the church's response is sufficient to show that
C.O. is delusional, it does not support a finding that he is likely to cause serious harm to others. 
Except for that testimony, the evidence presented by the State to support the judgment at issue is
similar to the evidence presented in the two prior hearings. Therefore, for the reasons set forth in
our first opinion, we hold that, in the instant case, the evidence produced by the State is legally
insufficient to support the judgment of the trial court. Accordingly, we sustain C.O.'s sixth issue.

 The judgment of the trial court is reversed, and judgment is rendered denying the State's
application for court-ordered extended mental health services. Because of our disposition of C.O.'s
sixth issue, we do not address the other issues raised in this appeal. Tex. R. App. P. 47.1.




Memorandum opinion delivered June 18, 2002.

Panel consisted of Worthen, J., and Griffith, J.



























(DO NOT PUBLISH)
1. See Tex. R. App. P. 1.
2. The court also found that C.O. was "suffering severe and abnormal mental, emotional, or physical distress"
and "experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently,
which is exhibited by [his] inability, except for reasons of indigence, to provide for [his] basic needs, including food,
clothing, health, or safety." However, these findings do not provide an alternate ground for the trial court's judgment
because the court did not find that C.O. was unable to make a rational and informed decision as to whether or not to
submit to treatment. Tex. Health & Safety Code Ann. § 574.035(a)(C)(i-iii) (Vernon Supp. 2002).